# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH A CELLULAR DEVICE | Case No. 3:23-mj-1004 RMS |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Information associated with Target Telephone-5, Target Telephone-13, and Target Telephone-14, with service by AT&T Attach. A-3, incorporated

located in the _____ District of ____Connecticut____, there is now concealed *(identify the person or describe the property to be seized)*:

Evidence of distribution of narcotics/possession of narcotics WITD/conspiracy to do so; possession of a firearm in furtherance of drug trafficking crime, use of a telephone to facilitate a narcotics felony, Attach. B-3 and C-3 incorporated

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1),846, 843(b) 18 U.S.C. § 924(c) | distribution of narcotics/possession of narcotics WITD/conspiracy to do so; possession of a firearm in furtherance of drug trafficking crime, use of a telephone to facilitate a narcotics felony |

The application is based on these facts:

See Affidavit of FBI SA Daniel Veale, incorporated herein

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

VEALE.DANIEL.C.H28E41C67
Digitally signed by VEALE.DANIEL.C.H28E41C67
Date: 2023.11.22 10:11:48 -05'00'

*Applicant's signature*

Daniel Veale, FBI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: __11/22/2023__

City and state: __New Haven, CT__

Robert M. Spector
Digitally signed by Robert M. Spector
Date: 2023.11.22 12:56:41 -05'00'

*Judge's signature*

Hon. Robert M. Spector U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT A-3

**Property to Be Searched**

The following phone numbers (collectively the "TARGET TELEPHONES") that are in the custody or control of AT&T, a company that accepts process at 11760 U.S. Highway 1, North Palm Beach, Florida 33408.

1. Cellular device assigned **203-597-7563 ("Target Telephone-5")**, which is subscribed to DIANA ANDERSON, 810 N MAIN ST, WATERBURY, CT 06704.

2. Cellular device assigned **475-316-0611 ("Target Telephone-13")**, which is subscribed to RICARDO VERDEJO, 35 PEARL LAKE RD APT F, WATERBURY, CT 06706.

3. Cellular device assigned **475-689-1649 ("Target Telephone-14")**, which is subscribed to JUNE TWENTY, 495 UNION ST, WATERBURY, CT 06706.

# ATTACHMENT B-3

## I. Information to be Disclosed by AT&T

To the extent that the information described in Attachment A-3 is within the possession, custody, or control of AT&T, including any information that has been deleted but is still available to AT&T or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), AT&T is required to disclose to the government the following information pertaining to all of the TARGET TELEPHONES listed in Attachment A-3.

a. The following subscriber and historical information about the customers or subscribers associated with the TARGET TELEPHONES for the time **November 10, 2023, to the date of this order:**

   i. Names (including subscriber names, user names, and screen names);
   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   iii. Local and long distance telephone connection records;
   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   v. Length of service (including start date) and types of service utilized;
   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifier (MEID); Mobile Identification Number (MIN), Subscriber Identity Modules (SIM), Mobile Subscriber Integrated Services Digital Network Number (MSISDN); International Mobile Subscriber Identity Identifiers (IMSI), or International Mobile Equipment Identities (IMEI);
   vii. Other subscriber numbers or identities (including the registration Internet Protocol (IP) address); and
   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

d. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET TELEPHONES, **for the time November 10, 2023, to the date of this order** including:

   ix. The date and time of the communication, the method of the communication, and the source and destination of the communication;
   x. Call detail records to include numbers dialed, incoming numbers, call durations, signaling and communications processing information, geographic locations of towers and sectors activated, sent and received by

|         | The TARGET TELEPHONES, for any form of communication it is capable of including: voice, VoIP, VoLTE, text, SMS, MMS, internet, mobile-to-mobile, any push to talk feature, non-billed calls, uncharged call detail, airtime usage data, Automated Message Accounting records and data bases, calls-to-destination data and packet data, as available without communications content and excluding post-cut-through dialed digits); |
|---------|---|
| xi.     | Information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent; |
| xii.    | Cell site data, including any data reflecting: the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from The TARGET TELEPHONES; the approximate range of The TARGET TELEPHONES from the cell towers during the communication (including per-call measurement data "PCMD", round-trip time "RTT" data, Historical Mobile Locators "NELOS", Timing Advanced Information, and Timing Advance Report Date ("True Call"). |

**II. Information to be Seized by the Government**

1. All information described above in Section I that constitutes evidence and instrumentalities of 21 U.S.C. §§ 841(a)(1) (Distribution of Narcotics, Possession with Intent to Distribute Narcotics); 846 (Conspiracy to Distribute and Possess with Intent to Distribute Narcotics); 843(b) (Use of a Communication Facility to Facilitate a Narcotics Trafficking Felony); and Title 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of Drug Trafficking) (hereafter referred to as the "Target Offenses") involving the user of the TARGET TELEPHONES and the user's associates from the period November 10, 2023 through the thirty-day period from the date of the warrant. **This warrant does not authorize the collection of any content of any communications.**

# ATTACHMENT C-3

## I. Information to be Provided by AT&T

All information about the respective locations of the TARGET TELEPHONES described in Attachment A-3 for a period of thirty days, during all times of day and night, including:

1. Precise location information including:

   a. E-911 Phase II data;
   b. GPS data;
   c. Latitude-longitude data;
   d. Cell site data, including any data reflecting: the cell towers and sectors thereof utilized in routing any phone, text, or data communication to or from TARGET TELEPHONES; the approximate range of the TARGET TELEPHONES from the cell towers during the communication (including per-call measurement data "PCMD", round-trip time "RTT" data, Historical Mobile Locators "NELOS", Timing Advanced Information, and Timing Advance Report Date "True Call");

2. Radio Signal Strength Indicators (RSSI) for the period of this Warrant, timing advance and other pertinent information delivered in real time with regard to neighboring towers as feasible;

3. The MAC address to include Wi-Fi MAC address and/or the access point(s) to which of the TARGET TELEPHONES connects to the internet via wireless technology that allows computers and other devices to communicate over a wireless signal (commonly referred to as Wi-Fi), and packet data; and

4. All Internet Protocol (IP) address, email address, email logs (without content such as the body of the email or subject lines), website address, servers, usernames, Wi-Fi hotspot locations, Wi-Fi ID history, and IP history location, including user identifying information and communications to and from TARGET TELEPHONES;

5. AT&T (hereinafter "the service provider") must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information about the locations of the TARGET TELEPHONES unobtrusively and with a minimum of interference with service provider services, including by initiating a signal to determine the respective locations of the TARGET TELEPHONES on the service provider's network, and at such intervals and times directed by the government.

6. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance.

7. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of Information about the respective locations of the TARGET TELEPHONES. *See* 18 U.S.C. § 3103a(b)(2)

8. The service provider shall not disclose the existence of the search warrant to the listed subscriber or to any other person for a period of one year from the date of this Order, or upon notice by the government within 30 days of the conclusion of its investigation, whichever is earlier, unless the Court extends such period under 18 U.S.C. § 2705(b). *See* 18 U.S.C. § 2705(b). The service provider may disclose this Order to an attorney for the service provider for the purpose of receiving legal advice.

**II. Information to be Seized by the Government**

1. All information described above in Section I that constitutes evidence and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (Distribution of Narcotics, Possession with Intent to Distribute Narcotics); 846 (Conspiracy to Distribute and Possess with Intent to Distribute Narcotics); 843(b) (Use of a Communication Facility to Facilitate a Narcotics Trafficking Felony); and Title 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of Drug Trafficking) (hereafter referred to as the "Target Offenses") involving the user of the TARGET TELEPHONES and the user's associates from the period November 10, 2023 through the thirty-day period from the date of the warrant. **This warrant does not authorize the collection of any content of any communications.**